IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America ex rel. ANTOINE PETERS, | ) ) ) | |
| Petitioner, | ) ) | No. 08 C 818 |
| v. | ) ) | |
| NEDRA CHANDLER, Warden, Dixon Correctional Center, | ) ) ) | JUDGE DAVID H. COAR |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Antoine Peters ("Peters" or "Petitioner") is currently serving a six-year sentence of imprisonment at Dixon Correctional Center due to his conviction for aggravated battery with a firearm. Presently before this Court is Peters's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, Peters's petition is DENIED.

## BACKGROUND

After a bench trial in the Circuit Court of Cook County, Peters was convicted of aggravated battery with a firearm and sentenced to six years' imprisonment. Upon his appeal to the Illinois Appellate Court, Peters's state appellate defender moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Peters then filed two pro se responses, arguing that: (1) the statute under which he was convicted violated his constitutional right to due process by punishing aggravated battery with a firearm more severely than attempted murder, and (2) his trial counsel was constitutionally ineffective because he failed to raise this claim at Peters's trial. The Illinois Appellate Court granted Peters's attorney's motion to withdraw and affirmed

- 1 -

Peters's conviction and judgment. Peters did not file a petition for leave to appeal ("PLA") in the Illinois Supreme Court.

On April 25, 2007, Peters filed his first petition for post-conviction relief, which he later withdrew. Peters filed another petition for post-conviction relief on May 17, 2007, arguing that he was convicted on a defective indictment due to prosecutorial misconduct. Around the same time, on April 25, 2007 and May 17, 2007, Peters filed two motions to dismiss his indictment and a supplemental motion to dismiss his indictment. These motions elaborate upon the arguments raised in Peters's post-conviction petition. On May 31, 2007, the Circuit Court of Cook County issued an order denying Peters's motions to dismiss his indictment. Although the State claims that the trial court also dismissed Peters's post-conviction petition in this order, the order makes no mention of the disposition of Peters's post-conviction petition. Indeed, none of the materials submitted by the State indicate that the trial court ever directly ruled on Peters's post-conviction petition.

In any event, on August 15, 2007, Peters moved for leave to file a late notice of appeal regarding the purported dismissal of his post-conviction petition, and the Illinois Appellate Court granted Peters's motion. On September 20, 2007, Peters moved to withdraw his late notice of appeal, and that motion was granted on October 3, 2007. Peters never reinstated his post-conviction appeal or filed a petition for leave to appeal in the Illinois Supreme Court. Instead, on October 5, 2007, Peters moved for leave to file a petition for an original writ of mandamus in the Illinois Supreme Court. In that action, Peters sought to compel the trial court to consider his post-conviction petition and, specifically, his claim that he was convicted under an invalid statute. On November 20, 2007, the Illinois Supreme Court denied Peters leave to file his mandamus petition.

In January 2008, Peters filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254(d), raising four claims:

(1) "Conviction obtained by knowing use of unconstitutional act"—that Peters was convicted under state laws (the 1992 Illinois Compiled Statutes, as amended) that had been previously declared unconstitutional by the trial court in a different case, violating his rights to due process and equal protection;

(2) "Indictment intentionally failing to state an offense"—that the State's attorney knowingly based Peters's indictment on the above-mentioned, invalid state laws, violating his rights to due process and equal protection;

(3) "Conviction obtained in violation of ex post facto"—that conviction under the 1992 statutes was an ex post facto violation; and

(4) "Conviction obtained in violation of equal protection"—that Peters's conviction violated his right to equal protection because no other defendants were convicted under the same invalid statutes.

(Hab. Pet., Dkt 1, 5-6.)

## LEGAL STANDARD

A district court shall review a petition for a writ of habeas corpus only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. In doing so, "[t]he court does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), relief cannot be awarded unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); *see Calloway v. Montgomery*, 512 F.3d 940, 943 (7th Cir. 2008).

To seek federal habeas review, a petitioner must have exhausted all available state remedies, s*ee* 28 U.S.C. § 2254(b)(1), affording the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008). At every level of state court review, the petitioner must fully and fairly present each federal claim, including its "operative facts and controlling legal principles." *Gonzales v. Mize*, 565 F.3d 373, 380 (7th Cir. 2009). A failure to comply with the exhaustion requirement will operate as a procedural default, which bars federal habeas corpus relief "unless the petitioner can demonstrate both cause for and prejudice stemming from the default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (internal citations omitted).

## ANALYSIS

The State argues that Peters procedurally defaulted his claims in three primary ways: (1) Peters did not raise any of his current claims on direct review, and he failed to file a PLA in the Illinois Supreme Court; (2) although Peters's post-conviction petition arguably raised these claims, he withdrew his appeal from the dismissal of that petition and neither reinstated it nor filed a PLA in the Illinois Supreme Court; and (3) under *Crump v. Lane*, 807 F.2d 1394 (7th Cir. 1986), because the Illinois Supreme Court denied Peters permission to file his mandamus petition, the claims in that petition were never "fairly presented" to the state court.

Although the State properly points out that Peters failed to raise his claims through one complete round of state court review, either on direct appeal of his conviction or during post-conviction proceedings, the Court's analysis need not extend beyond Peters's direct appeal.[1] *See*

---

[1] Peters's direct appeal aside, the state court's apparent failure to decide Peters's post-conviction petition may be the reason Peters's claims never enjoyed a complete round of review during post-conviction proceedings. However, the

*Malone*, 538 F.3d at 753. Peters critically erred by failing to raise any of his current claims on direct appeal. Under Illinois state law, post-conviction relief is limited to constitutional deprivations that occurred at trial and could not have been addressed on direct appeal. *See People v. Gale*, 876 N.E.2d 171, 177 (Ill. App. Ct. 2007). Accordingly, "issues that could have been presented on direct appeal but were not are considered waived" if presented during post-conviction proceedings. *Id.* On direct appeal, Peters argued that the statute under which he was convicted violated his constitutional right to due process because it punished aggravated battery more severely than attempted murder. However, he did not raise any of the related claims he now presents—that the same statute was invalidated before his indictment, and his indictment and conviction were therefore defective, offending his right to due process. Although Peters arguably included these claims in his post-conviction petition (or, more accurately, presented them to the state courts in the motions to dismiss his indictment, which accompanied his post-conviction petition), he offers no reason why he could not have raised the same claims in his direct appeal. These claims certainly would have been available to Peters when he filed his direct appeal, as they revolve around his contention that the statute at issue was invalidated *before* his indictment. (*See* Hab. Pet., Dkt. 1, 5.) Because Illinois state law therefore precluded Peters from raising these claims in his post-conviction petition, these claims could not have traveled through a complete round of state court review, even during properly administered post-conviction proceedings. By failing to raise his current claims through one complete round of state court review, either on direct appeal or during post-conviction proceedings, Peters procedurally defaulted the four claims in his habeas petition. Moreover, because he has not

---

Court need not consider the post-conviction proceedings (or lack thereof) in this case because the earlier deficiencies in Peters's direct appeal spelled the defeat of his current claims on federal habeas review.

demonstrated either "cause and [] prejudice" or "that the denial of relief will result in a miscarriage of justice," *Lewis*, 390 F.3d at 1026, the Court must reject Peters's claims.

## CONCLUSION

For the reasons stated above, Peters's petition for a writ of habeas corpus is DENIED.

                      Enter:
                      /s/ David H. Coar

                      _____
                      David H. Coar
                      United States District Judge

**Dated:** March 30, 2010